[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Anna M. Filippi, and the defendant intermarried at Essex, Connecticut on July 19, 1980. The plaintiff has resided continuously in this state for at least twelve months next preceding the date of the filing of this complaint which was November 22, 1993. The plaintiff and the defendant have two minor children issue of their marriage; Clayton G. Pollock born June 12, 1984 and Danielle E. Pollock born November 4, 1986. No other minor children have been born to the plaintiff since the date of the marriage. No state or other public agency is contributing to the support of the parties herein. This court concludes that it has jurisdiction over the parties and their marriage and from the evidence submitted concludes that said marriage has broken down irretrievably. The problems really commenced with this marriage approximately four years ago and have resulted in the mother substantially supporting this family for the past several years by income which she has earned at her full-time job. The defendant has made contributions towards the family support from time to time as funds became available through his plumbing entrepreneurship, which has not really shown any overt signs of success. The court concludes at some greater degree of responsibility for the break down of the marriage ties with the father but neither party has been guilty of any egregious conduct.
The defendant is a licensed plumber, holds a state license for installation of boilers and holds licenses in connection with fire control employment. Thus he had three CT Page 7942 calculable licensed skills from which the court concludes along with evidence of his past performance that he has an earning capacity of $450.00 per week.
A decree is entered dissolving the marriage. Custody of the minor children is awarded to the plaintiff and the defendant jointly with the primary residence designated as that of the plaintiff-mother. The defendant shall have reasonable rights to visitation which shall include but not be limited to the following: every other weekend from Friday 4:30 p. m. to Sunday at 7:00 p. m., every other Tuesday or Thursday from 4:30 p. m. to 7:00 p. m.; two weeks of summer vacation and alternate holidays and school vacations.
The defendant shall pay to the plaintiff child support in the amount $60.00 per week for each of the two minor children or $120.00 per week for a period of twenty-five weeks. This ordered child support should be subject to modification in accordance with the guidelines either based on his earning capacity as aforementioned or his actual earnings. The court feels that twenty-five weeks is a sufficient period of time to allow him to abandon his entrepreneurship and obtain full-time steady employment which should enable him to more adequately support his children. The plaintiff is ordered to provide medical insurance as available through her employment for the benefit of the minor children and the parties shall be equally responsible for any unreimbursed reasonable health expenses incurred on behalf of the minor children. Should the defendant obtain employment where medical insurance is available the better medical program ought to be utilized for the benefit of the children, each party remaining responsible for 50% of any unreimbursed reasonable health expenditures on behalf of their minor children.
The parties shall nominate the minor children as irrevocable beneficiaries of any present life insurance coverage until such time as the younger child attains the age of eighteen. The plaintiff shall have the right to claim both children as dependency exemptions for Internal and State Revenue Tax purposes for the year of 1994 and thereafter they shall split said exemptions providing the defendant is contributing support to at least the extent of Connecticut Guidelines of Support. CT Page 7943
All the right title and interest into the residential real estate presently owned by the defendant is set over and assigned to the plaintiff to be hers absolutely. The parties have agreed and the court so finds that said property has a value of $149,000 and the existing mortgage is in the amount of $64,000. By way of lump sum property settlement the court awards to the defendant the sum of $34,000. The plaintiff shall execute and deliver a promissory note and second mortgage to secure the payment of this sum with all the usual covenants contained in such security instruments. The plaintiff shall be solely responsible for the payment of all expenses from the real estate including but not limited to the mortgage taxes insurance and shall hold the defendant harmless from the same. This obligation shall be non-dischargeable in bankruptcy. Said sum shall be due and payable to the younger child obtains the age of eighteen years or upon the sale of said premises or the failure of the plaintiff and the children to use the premises as their principle place of residence or if the plaintiff shall cohabit with an unrelated male, then all sums due under said mortgage will become due and payable in the earlier currents of any of the said or foresaid events.
All the household furnishings except very personal property of the defendant is set over and assigned to the plaintiff to be hers absolutely. All business property, trucks, cycle and boats are set over to the defendant to be his absolutely.
The defendant may avail himself of any COBRA rights in the plaintiffs' medical plan at his expense for the statutory period.
The court concludes that the stocks acquired by the defendant at the time of the separation or from funds resulting from a separation from employment with Electric Boat shall be his absolutely and has concluded that said sums may well be the source of the payment of the temporary support of $120.00 per week for said twenty-five week period. Each of the parties shall maintain and be entitled to the full benefits of their respected retirement and annunity [annuity] pension plans. Any interest that the defendant may have in the 1990 Jeep Cherokee is ordered transferred to the plaintiff and any interest that the plaintiff may have in CT Page 7944 the 1992 Ford Truck and motorcycle is ordered transferred to the defendant. Each party shall retain his or her stock or bank accounts as they may appear on their financial affidavits and shall be solely responsible for the satisfaction of any liabilities that may appear on their respected affidavits that have not previously been disposed of in this decision. Custodial accounts presently maintained by either both of the parties shall be maintained for the benefit of their respective child or children in whose name they presently stand.
Judgment is entered in accordance with the aforegoing decision.
HIGGINS, J.
Judgment entered in accordance, with Foregoing Memo of Decision
Michael Kokoszka, Chief Clerk